**Luis Guillermo VILLALTA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72247.

Agency No. A44–024–836.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2004.*

Decided Feb. 9, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James Todd Bennett, El Cerrito, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Terri J. Scadron, Stacy S. Paddack, U.S. Department of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, COWEN,** and BEA, Circuit Judges.

MEMORANDUM***

Luis Guillermo Villalta, a native and citizen of El Salvador, petitions for review of an order by the Board of Immigration Appeals ("BIA") summarily affirming the Immigration Judge's ("IJ") order. The IJ ordered Villalta removed to El Salvador and denied his application for withholding of removal and relief under the Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment ("CAT").[1] Because the parties are familiar with the facts and procedure of this case, we do not recite them here.

We review the BIA's factual findings under the substantial evidence standard. *See Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999). Factual findings will

---

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

1. Villalta did not apply for asylum because he did not file his I–589 form within one year of entry and is therefore statutorily ineligible for asylum.

be sustained if they are "supported by reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir.2003). We review questions of law de novo. *Id.*

### Withholding of Removal

In order to qualify for withholding of removal, an applicant must show that it is more likely than not that his "life or freedom would be threatened" if he is returned to his homeland, on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3); *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001).

Past persecution generates a presumption of eligibility for withholding of removal. *See Kataria v. INS*, 232 F.3d 1107, 1115 (9th Cir.2000). Unlike asylum, however, past persecution is not a separate basis for withholding eligibility. An applicant can only show eligibility for withholding of removal by demonstrating a likelihood of future persecution. *See e.g., Ladha v. INS*, 215 F.3d 889, 902 (9th Cir.2000). A well-founded fear of future persecution must be subjectively genuine and objectively reasonable. *See Montecino v. INS*, 915 F.2d 518, 521 (9th Cir. 1990).

■ The only threat to Villalta was from an anonymous telephone call to his mother for reasons unknown. Other than this one call, which occurred five months before Villalta left El Salvador and which was not repeated, there is no evidence that whoever may have persecuted Villalta's brothers also intends to persecute him. Additionally, there is no evidence that anyone else in petitioner's family has since been threatened or harmed. Substantial evidence supports the IJ's finding that Villalta does not have an objectively reasonable fear of returning to El Salvador.

### Convention Against Torture

■ Article 3 of CAT prohibits states from returning anyone to another state where he or she may be tortured. *See Al–Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir.2001). The petitioner must show that it is more likely than not that he will be tortured, and not simply persecuted upon removal to a given country. *Kamalthas v. INS*, 251 F.3d 1279, 1282–83 (9th Cir. 2001).

Here, there is no evidence that Villalta was tortured in the past, or will be tortured in the future given that no one in his family has been threatened or harmed since the telephone call in 1998.

### Failure of the IJ to Record Proceedings

■ On February 11, 2002, a hearing was held, presumably to hear how Villalta pleaded to the charges in the notice to appear, but no record of this proceeding was made. Villalta makes no argument that this failure to record the proceedings prejudiced him in any way, and he admits he conceded the charges against him.

Further, the hearing on the merits of Villalta's application for relief was held on April 2, 2002, and this hearing was recorded. Accordingly, Villalta has failed to prove prejudice and so his due process claim is without merit. *Cano–Merida v. INS*, 311 F.3d 960, 965 (9th Cir.2002).

### Failure of the BIA to Send Villalta's Counsel Its Decision

■ The BIA sent its final order of removal directly to Villalta instead of to his counsel. His counsel had entered an appearance of counsel before proceedings were administratively closed, but he did not renew his appearance after proceedings were re-opened. Villalta gave the decision to his counsel in time to file a timely petition for review. Accordingly, there is no prejudice from this error, if

any, either. *Cano–Merida v. INS*, 311 F.3d at 965.

**PETITION DENIED.**

* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts